UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Respondent, <br><br> v. <br><br> **FRANCISCO JAVIER MADRIGAL-MAYA,** <br><br> Petitioner. | CASE NO.: 92-MJ-8003-(PCL)-3 <br><br> **ORDER DENYING AMENDED PETITION FOR WRIT OF ERROR <u>CORAM</u> <u>NOBIS</u>** <br><br> **[DOC. 8.]** |

Petitioner Francisco Javier Madrigal-Maya ("Petitioner") has filed a Motion to Vacate his guilty plea, and in the alternative, a Petition for Writ of Error <u>Coram</u> <u>Nobis</u> to vacate his conviction. [Doc. 5.] Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel because he was not advised of immigration consequences associated with his guilty plea. (<u>Id.</u> at 6.) On June 7, 2012, Petitioner filed an Amended Petition for Writ of Error <u>Coram</u> <u>Nobis</u> on the same ground. [Doc. 8.] On September 7, 2012, the United States of America ("Respondent") filed a response to Petitioner's motion arguing that Petitioner's claims are: (1) barred by the doctrine of laches, and (2) fail to state a prima facie case for relief. [Doc. 16.] To support their claims, Respondent filed several affidavits including the arresting agent's report, trial court transcripts, and deportation hearing transcripts. [Doc. 18-1-18.] On October 1, 2012 Petitioner filed a Reply to Respondent's Response arguing that Petitioner's claims are not barred by the doctrine of laches because he was reasonably diligent in seeking <u>coram</u> <u>nobis</u> relief. [Doc. 19.]

The Court has reviewed Petitioner's Motion for Writ of Error <u>Coram</u> <u>Nobis</u>, Respondent's Response, Petitioner's Reply, and all attached documents. For the reasons discussed below, Petitioner's Writ of Error <u>Coram</u> <u>Nobis</u> is **DENIED**.

## I.

## BACKGROUND

On December 30, 1991, Border Patrol Agents patrolling in the Highway 111/Bombay Beach area observed two vehicles traveling in tandem. [Doc. 16.] Agents initiated a traffic stop in which Petitioner was a passenger. (<u>Id.</u> at 3.) Petitioner was a legal permanent resident alien having resided in the United States since 1984. [Doc. 5 at 10.] Through interviews with material witnesses, the agents determined that Petitioner was assisting his brother in law, who was assisting a friend, transport aliens past a border patrol check point. (<u>Id.</u>)   As a result, agents placed Petitioner under arrest. (<u>Id.</u>) On January 2, 1992, Petitioner was charged with the following violations: Count I, 18 U.S.C. § 1324 (a)(1)(B), Illegal Transportation of Aliens; and Count II, 18 U.S.C. § 2 and 8 U.S.C. § 1325, Aiding and Abetting Illegal Entry. [Doc. 1; Doc. 8, at 1.] On the same date, Petitioner pled no contest[1] pursuant to a plea agreement and was convicted of Aiding and Abetting Illegal Entry, a misdemeanor. [Doc. 18-2 at 5; Doc. 8, at 1.] Count I, the felony charge was dismissed. (<u>Id.</u>) On February 19, 1992 the court placed Petitioner on a two-year unsupervised probation on the condition that he obey all laws and not associate with illegal aliens or smugglers. [Doc. 8, at 19.] According to Petitioner's Motion, Petitioner completed his probation and has not been in custody since 1994. [Doc. 8, at 3.]

On the same day Petitioner was sentenced, he was served with an Order to Show Cause and Notice of Hearing regarding a deportation hearing. [Doc. 18-4 at 2-3.] Pursuant to the Order, the hearing was held on May 29, 1992, to determine if Petitioner was required to be deported from the United States. [Doc. 18-5 at 3.] The court continued the hearing to June 29, 1992 because Petitioner indicated he wished to seek relief under Section 212(c) of the Immigration and Nationality Act. [Doc. 18-5 at 11-12.] On June 29, 1992 and July 6, 1992, Petitioner's deportation hearings were continued again for reasons

---

[1] A plea of no contest, also known as a plea of nolo contendere, is equivalent to a plea of guilty in its effect. <u>United States v. Food and Grocery Bureau of Southern Cal.</u>, 43 F. Supp. 974, 979 (S.D. Cal. 1942), <u>aff'd</u>, 139 F.2d 973 (9th Cir. 1943).

1  not relevant to this case. [Doc. 18-6; Doc. 18-8.]  The final hearing was held on December 18, 1992.
2  [Doc. 18-11.] There, the court found that Petitioner was subject to mandatory deportation since
3  Petitioner's crime of aiding and abetting illegal entry made him ineligible for a Section 212(c) waiver.
4  [Doc. 18-11 at 6, 8.] Furthermore, the court found that Petitioner was ineligible for voluntary departure
5  because Petitioner's crime was considered a crime of moral turpitude. [Doc. 18-11 at 9.]
6      On August 24, 1993, Petitioner did not appear for his court ordered deportation and a Warrant of
7  Deportation was issued. [Doc. 18-15; Doc. 18-16.] Almost twelve years later, on August 11, 2005,
8  Petitioner was found, detained and deported to Mexico. [Doc. 18-16.] For the reasons stated below, this
9  Court **DENIES** Petitioner's request for a Writ of Error Coram Nobis.

## II.

## WRIT OF ERROR CORAM NOBIS

12      A writ of error coram nobis affords a remedy to vacate a judgment of conviction and sentence when
13  the individual has fully served his sentence and is no longer in custody. See United States v. Montreal,
14  301 F.3d 1127, 1131-32 (9th Cir. 2002); Estate of McKinney v. United States, 71 F.3d 779, 781 (9th
15  Cir. 1995); TELINK, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). Coram nobis relief is
16  available to vacate judgments in cases "[where the errors are of the most fundamental character, such
17  that the proceeding itself is rendered invalid. . . ." Estate of McGivney, 71 F.3d 779 (quoting
18  Hirabayashi, 828 F.2d at 604) (internal quotation marks omitted).

**A.   Timeliness of the Writ of Error Coram Nobis**

    **1. Statute of Limitations**

21      The United States Supreme Court has repeatedly held that AEDPA's statute of limitations does not
22  apply to petitions for writ of error coram nobis. See Morgan, 346 U.S. at 507 (determining that the writ
23  of error coram nobis is allowed without limitation of time); United States v. Kwan, 407 F.3d 1005, 1012
24  (9th Cir. 2005) ("[T]he time for filing a petition is not subject to a specific statute of imitations."),
25  *abrogated on other grounds* by Padilla v. Kentucky, 130 S. Ct. 1473 (2010). Similarly, the Ninth Circuit
26  has held that AEDPA's one-year statute of limitations does not apply to coram nobis petitions. See
27  Rodriguez-Lugo v. United States, 458 Fed. App'x 688, 689 (9th Cir. 2011) (citing Kwan, 407 F.3d at

1012). Accordingly, this Court finds that the coram nobis petition is not subject to AEDPA's statute of limitations.

### 2. Laches

Respondent argues that the Petition is time barred under the doctrine of laches. [Doc. 16 at 6.] Unlike a limitations period, which bars an action strictly by the lapse of time, laches bars a claim if unreasonable delay causes prejudice to the Respondent. United States v. Morgan, 346 U.S. 507 (1954) (citing International Tel. & Tel. Corp. v. General Tel. & Elecs. Corp., 518 F.2d 913, 926 (9th Cir. 1975)). When the government asserts the defense of laches, it "bears the burden of showing [it] was prejudiced by the petitioner's delay." Riedl, 496 F.3d at 1008 (quoting Kwan, 407 F.3d at 1013). If the government establishes a prima facie showing of prejudice, the burden "then shifts to [the petitioner] to show either that the government actually was not prejudiced or that the petitioner exercised reasonable diligence in filing the claim." (Id.) (quoting TELINK, 24 F.3d at 47.) Further, "[i]n making a determination of prejudice, the effect of the delay on both the government's ability to respond to the petition and the government's ability to mount a retrial are relevant." International Tel. & Tel. Corp. v. General Tel. & Elecs. Corp., 518 F.2d 913, 926 (9th Cir. 1975).

#### a. Prejudice

Respondent alleges that it cannot effectively respond to this Petition nor is it in a position to mount a retrial because over twenty years have passed since Petitioner's conviction. [Doc. 16 at 7.] They assert that in the unlikely event that all of the Government's witnesses could be located, it is doubtful that any percipient witness would remember any details regarding Petitioner's case in chief or Petitioner's current claims. (Id. at 8.)

In response, Petitioner claims that laches does not bar his claim. [Doc. 19 at 2.] He argues that "the Court and Respondent have provided a nearly complete record of the proceedings surrounding the underlying proceeding, have access to all reports created in reference to the case, and all information available to trial counsel at the time of the initial criminal proceeding." (Id. at 3.)

///
///
///

**i. Response to Petition**

Although Petitioner's petition consists of facts that unfolded several years ago, any prejudice that Respondent would face in responding to the petition are minimal. Petitioner's current claim is whether he was advised of any immigration consequences by his attorney before he entered a guilty plea. Since Respondent has access to the court transcripts from Petitioner's court hearings, and would likely have little difficulty locating and deposing Petitioner's attorneys, this Court finds that Respondent will not face any prejudice in responding to Petitioner's petition.

**ii. Mounting a retrial**

The Respondent bears the burden of establishing it would be prejudiced in mounting a retrial of Petitioner's original case. In order for Respondent to re-litigate its case in chief government witnesses, including the arresting agents and the smuggled illegal aliens, would need to be located.  Given these circumstances, the Government is undoubtedly prejudiced. It is extremely unlikely that the government would be able to locate the illegal aliens arrested that evening since there is limited information in the record about these individuals and their current whereabouts are unknown. Furthermore, it is reasonable to assume that the arresting agents, if they could be located, would not remember much about Petitioner's arrest in 1992.

Accordingly, this Court finds that Respondent has met its burden of showing it is prejudiced by the delay.

**b. Reasonable diligence**

Since Respondent has met its burden of showing prejudice by the delay, the burden shifts to the  Petitioner to show that he exercised reasonable diligence in seeking coram nobis relief. Riedl, 496 F.3d at 1008.

In his Reply, Petitioner insists that laches does not preclude coram nobis relief because he was reasonably diligent in bringing his claim before the Court. [Doc. 19 at 3.] Petitioner argues that in 1992, when Respondent claims Petitioner should have been aware of the effect of his plea agreement, he would not have had a legal basis to file a motion to vacate based on ineffective assistance of counsel. [Doc. 19 at 3.] According to Petitioner, he had no claim for relief until the Supreme Court ruled in Padilla that immigration consequences are a unique consequence of a conviction, and the failure of trial

counsel to inform a defendant that deportation could result from a guilty plea is a denial of the Sixth Amendment right to effective assistance of counsel. Padilla v. Kentucky, 130 S.Ct. 1473 (2010). Prior to Padilla, the failure to advise a client of immigration consequences was not ineffective assistance because consequences were considered collateral and not direct consequences of a guilty plea. (Id.) Petitioner filed his claim two years after Padilla; and thus contends that he acted with reasonable diligence. (Id.) This Court agrees with Petitioner that bringing forth a claim of ineffective assistance of counsel prior to Padilla would have been futile yet Petitioner's argument presupposes that Padilla has retroactive effect.

### i. Retroactivity

Petitioner argues that Padilla applies retroactively to his plea agreement. [Doc. 8, at 6.] In support of his argument, Petitioner cites a decision from the Ninth Circuit Court of Appeals that applied Padilla retroactively to vacate a defendant's plea and conviction. [Doc. 8, at 6-7]; United States v. Bonilla, 637 F.3d 980, 983-84 (9th Cir. 2011).

Since the filing of Petitioner's Amended Writ of Error Coram Nobis, the United States Supreme Court determined that Padilla does not apply retroactively to cases that have reached a final decision on direct review. Chaidez v. United States, 568 U.S. _____ (2013). The Court held that Padilla did not apply retroactively because the decision communicated a "new rule."[2] Chaidez v. United States, 568 U.S. _____, at 1 (2013). The Court reasoned that because Padilla had to first determine whether or not Strickland applied to advice about deportation, it created a new rule of law. (Id. at 2.)

Since Padilla announced a new rule of law and cannot be applied retroactively this Court finds that Petitioner was not reasonably diligent in bringing his claim for coram nobis relief and is barred by the doctrine of laches.

For the foregoing reasons Petitioner's Writ of Error Coram Nobis is **DENIED**.

///

///

///

---

[2] According to the United States Supreme Court decision of Teague v. Lane, 489 U.S. 288 (1989), a "case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."

## IV.
## CONCLUSION

Petitioner's Writ of Error <u>Coram</u> <u>Nobis</u> is time barred by the doctrine of laches. Therefore, his Petition seeking <u>coram</u> <u>nobis</u> relief is **<u>DENIED</u>**.

**IT IS SO ORDERED**.

Dated: **<u>March 25, 2013</u>**

PETER C. LEWIS
U.S. Magistrate Judge
United States District Court

cc: All Parties and Counsel of Record